UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM T. BURNEY, ET AL | CIVIL ACTION |
| VERSUS | NO. 04-3334 |
| CVS RX SERVICES, INC., ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion for partial summary judgment filed by defendants CVS Pharmacy, Inc. ("CVS"). Having considered the record, the memoranda of counsel and the law, the Court has determined that partial summary judgment is not appropriate for the following reasons.

The plaintiff, William T. Burney ("Burney"), filed this action in diversity seeking damages for personal injuries allegedly sustained when he slipped and fell at an Eckerd Drug store in Metairie, Louisiana on December 11, 2003. In this motion, CVS, as Eckerd's successor in interest, argues that the plaintiff can not prove as a matter of law that the total hip replacement he underwent in February 2004 was caused by the accident. It relies on the testimony of his treating physician, who testified in deposition that the plaintiff had a pre-existing avascular necrosis and degenerative arthritis and that he recommended a hip replacement in April. The doctor also testified that, in his opinion, it was more likely than the surgery was "inevitable" prior to the accident.

The plaintiff argues that his hip replacement was not inevitable. He looks to his doctor's

1

testimony that the only indications of a distinct injury from the accident involved the plaintiff's increased complaints of pain.   Because his treating physician testified that the decision to have surgery was the plaintiff's, based on the amount of pain, and that the main reason for doing the hip replacement was alleviation of pain rather than mechanical function,   the plaintiff argues that this issue is one for the jury.

There is no dispute that the plaintiff had a pre-existing hip condition.  The law recognizes that the plaintiff bears the burden of proof that an injury is caused by the accident.  Maranto v. Goodyear Tire & Rubber Co., 650 So.2d 757 (La. 1995).   However, a single injury can cause different damages, in this case the operation.  This case presents the issue whether the accident aggravated the pre-existing condition to the point of causing the plaintiff to have the surgery. American Motorist Insurance Co. v. American Rent-All, Inc., 579 So.2d 429 (La. 1991).   The plaintiff's doctor has testified that the pain caused by the accident  became intolerable.  The facts that the surgery was recommended before the accident, and that the doctor is of the opinion that the surgery would have been performed even if the accident did not occur, can be considered by the fact-finder at trial on the issue of aggravation.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by defendants CVS Pharmacy, Inc. is DENIED.   (Rec. Doc. 13).

New Orleans, this 13th day of December, 2005.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE